## Chicago & Alton Railway Company v. B. Frank Moore.

1. WAGES—*what not defense to action for.* An employer sued by its employee for wages cannot successfully defend upon the ground that the amount claimed, or a portion thereof, was paid by it to a plaintiff in garnishment where it appears that such employer failed to interpose in such garnishment suit the right of exemption existing in favor of the employee.

2. VEXATIOUS APPEAL—*allowance of damages for.* Where it appears that an appeal has been taken merely for delay and is vexatious in character, it is proper to award ten per cent of the amount of the judgment affirmed as damages upon account thereof.

Action of assumpsit. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904.

A. E. DeMANGE, J. E. HOFFMAN and E. M. HOBLIT, for appellant.

F. F. CHURCH, for appellee; WELTY, STERLING & WHITMORE, of counsel.

MR. JUSTICE GEST delivered the opinion of the court.

This is a suit by appellee, B. Frank Moore, against the defendant railway company for wages as an employee of defendant. A trial was had by the court without a jury and judgment entered for the amount of the plaintiff's claims, $33.30, and $25 attorney's fees.

The only defense set up was a certain garnishment proceeding wherein judgment was rendered by a justice of the peace against appellant as garnishee of plaintiff for the sum of $26.80, including costs. Whether appellant is entitled to have a credit on its indebtedness to appellee to that amount is substantially the only question in the case.

Warner Bros. obtained a judgment against Moore on June 29, 1903, for $20.15. Upon affidavit made, execution was issued July 1 and returned the next day no property found, and garnishee summons was issued and served upon appellant the same day. Such further proceedings were

had thereon that on July 18 judgment was rendered in the justice court against the appellant for the amount above stated. Section fourteen of chapter sixty-two of Revised Statutes, concerning garnishment, provides among other things: "Every employer shall pay to such wage earner such exempt wages not to exceed the sum of fifteen ($15) dollars per week of each week's wages earned by him, when due, upon such wage earner making and delivering to his employer his affidavit that he is such head of a family and residing with same, notwithstanding the service of any writ of garnishment upon such employer, and the surplus only above such exempt wages shall be held by such employer to abide the event of the garnishment suit." The record of the garnishment suit which was introduced in evidence by appellant recites : " July 8, 1903, comes the Chicago & Alton Railway Company by its attorney, J. Hoffman, answering says that at the time of service it was indebted to B. F. Moore in the sum of $33.30 (and the attorney verbally informs the court that the defendant has made affidavit that he is head of family) whereupon the court informs the attorney that he would hear the case July 18, 1903, at ten o'clock A. M." And again : " July 18, 1903, eleven o'clock, A. M. defendant defaulted; judgment is therefore rendered against the Chicago & Alton Railway Company for the sum of $20.15 debt and costs of suit taxed at $6.65."

We think that as against appellant it sufficiently appears from this record introduced by appellant that this plaintiff in due form had made and delivered his affidavit to appellant claiming the exemption provided by the statute. It appears from the answer of appellant in the garnishment proceeding which was introduced in evidence by appellant that said sum of money was plaintiff's wages for the month of June, 1903, and becoming due and payable July 10, 1903. The statute above quoted made it the duty of appellant when such affidavit was made and delivered to it to pay to plaintiff his wages when due, not to exceed $15 per week, " notwithstanding the service of any writ of

garnishment upon" it. Payment by appellant to plaintiff after such affidavit was made and delivered to it would have been a perfect defense to the garnishment suit. Garnishment proceedings exist only by virtue of the statute; they had no existence at common law. The garnisheeing creditor as such has no rights except what are expressly given by the statute. The affidavit of the employe in such case is conclusive evidence to protect his employer acting in good faith against any garnishment proceedings, to the extent of the exemption. Manifestly the intent of the legislature was to provide for the speedy payment to the wage earner of his wages, to the extent of $15 per week; to save him the delay and the expense of just such litigation as this, which swallows up all his wages and leaves him in debt for fees of counsel if reasonable compensation be asked by counsel. This appellant failed to make any defense before the justice. Its failure so to do concerns itself, not this plaintiff.

Appellant complains that the attorney's fees which were allowed by the court are unreasonable. Proof was made by the plaintiff fully justifying the trial court in making that allowance, and appellant did not see fit to offer any proof on that subject. The complaint on that score is as groundless as the defense to the action. We are asked by appellee to adjudge to him and against defendants ten per cent of his judgment, as provided by statute, on the ground that this appeal is taken merely for delay. It appears from the record that upon the trial of this cause appellant made proof that the garnisheeing creditors, Warner Brothers, had been notified to appear and defend this suit, that they did appear, and did in court "assert their willingness to abide by the judgment of the Circuit Court in the pending proceedings." No reason is perceived why this appeal should be in this court except for vexatious delay. The motion will be allowed.

The judgment is affirmed with ten per cent damages.

*Affirmed.*